UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK JAFFE,

    *Plaintiff,*

v.

THE TRAVELERS
COMPANIES, INC., and
BRIGHTHOUSE LIFE
INSURANCE COMPANY,

    *Defendants.*

    Case No. 1:22-cv-13157
    District Judge Thomas L. Ludington
    Magistrate Judge Patricia T. Morris

_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT BRIGHTHOUSE LIFE INSURANCE COMPANY'S AMENDED MOTION TO DISMISS THE AMENDED COMPLAINT (ECF No. 15) AND TO DENY BRIGHTHOUSE'S PREVIOUS MOTION TO DISMISS THE EARLIER COMPLAINT (ECF No. 6) AS MOOT**

**I. RECOMMENDATION**

This matter has been referred for Report and Recommendation under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Brighthouse Life Insurance Company's Amended Motion to Dismiss the Amended Complaint (ECF No. 15) be **DENIED**. Defendant Brighthouse's previous motion to dismiss the earlier complaint (ECF No. 6) should be **DENIED AS MOOT.**

**II. REPORT**

    **A.  Background**

1

Plaintiff Mark Jaffe seeks retroactive monthly payments on a group annuity paid into by his former employer. He originally filed suit in state circuit court. On December 30, 2022, Defendant Brighthouse Life Insurance Company ("Brighthouse") removed the case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1).

Plaintiff's February 1, 2023 amended Complaint includes the following allegations. Prior to 1982, Plaintiff's former employer, Valley Oxygen Company, made periodic payments to Travelers Insurance Company[1] ("Travelers Insurance") to fund Group Annuity Contract GR-4394 ("the Annuity Contract") for its employees. (ECF No. 9, PageID.88-89, ¶ 5). In exchange, Travelers Insurance agreed to make monthly payments to Valley Oxygen employees once they reached the age of 65. (*Id*. at PageID.89, ¶ 6). Sometime in 1981, Valley Oxygen stopped making additional payments to Travelers. (*Id*. at PageID.89, ¶ 7). Travelers Insurance subsequently performed a final accounting of its obligations under the Annuity Contract and on September 28, 1982, set forth the amounts to be paid monthly to Valley Oxygen employees upon reaching the age of 65. (*Id*. at PageID.89, ¶¶ 8-10, 93). The account sheet states that Plaintiff was eligible for monthly payments of $515.63 each month starting on October 1, 2000. (*Id*. at PageID.93). Despite this, Plaintiff never received any benefits from either

---

[1] This is a different company than current Defendant Travelers Companies Inc.

Defendant or a predecessor in interest or assignee of same. (*Id*. at PageID.89, ¶ 11). Plaintiff also never received correspondence from either Defendant indicating that the Annuity Contract had been transferred or assigned to another entity. (*Id*. at PageID.89, ¶¶ 11-12). Plaintiff was not informed until after filing suit in state court in July 2022 that the obligation to pay annuity benefits had been assigned by Travelers Insurance to another entity. (*Id*. at PageID.89-91, ¶ 14).

Plaintiff brings a count of breach of contract, alleging that "it was incumbent upon [Travelers Insurance] to provide [him] with notice of the assignment." (*Id*. at PageID.90, ¶ 17). He alleges further that Defendants both "took affirmative steps to conceal the identity of the entity responsible for paying annuity benefits, thus tolling the statute of limitations otherwise applicable to this claim pursuant to M.C.L. § 600.5855." (*Id*. at PageID.90, ¶ 18). He also brings a count of unjust enrichment, alleging that Defendants "will receive a financial windfall which was not contemplated by any party at the time of the original annuity agreement." (*Id*. at PageID.91, ¶ 21).

Plaintiff asks for the retroactive payment of benefits along with interest on all past-due payments.

**B.      Standard of Review**

Under Fed. R. Civ. P. 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R.

Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

### C. Analysis

In its motion to dismiss, Defendant Brighthouse argues that Plaintiff's breach of contract claim is barred by Michigan's six-year statute of limitations. (ECF No. 15, PageID.131-32)(citing M.C.L. § 600.5807(9)). Brighthouse contends further that Plaintiff's allegation of Defendants' fraudulent concealment does not toll the statute of limitations, arguing that Plaintiff has failed to plead the fraud claim with particularity as required by Fed. R. Civ. P. 9(b). (*Id.* at PageID.134). Brighthouse also argues that Plaintiff's claim of unjust enrichment fails because he alleges the existence of an express agreement. (*Id.* at PageID.138).

Defendant Travelers Companies Inc. ("Travelers") filed a concurring "response" in support of Brighthouse's motion to dismiss. (ECF No. 19). In its response, Travelers argues additionally that Plaintiff erroneously sued Travelers Companies, Inc. which is a "holding company" and at no time issued insurance products. (ECF No. 19, PageID.152). Defendant clarifies that "Travelers Insurance Company" was a life insurance company which "which at one time was owned by Travelers Group, Inc. a holding company that, through its subsidiaries, provided both property and casualty insurance services . . . that later merged with Citicorp to form Citigroup, Inc. (*Id.*).

In opposition to the motion to dismiss, Plaintiff notes Brighthouse's statement that "parties do not dispute the existence of an express contract." (ECF No. 18, PageID.144) citing (ECF No. 15, PageID.138). He observes that "it appears that the obligation to pay annuity benefits . . . was assigned, re-assigned, and re-re-assigned multiple times between 1982 and [the] date of this lawsuit" . . . but that he was kept "completely *unaware* of any of these transactions." (*Id*. at PageID.145-46) (emphasis in original). Plaintiff argues that "[g]iven the disparity between the information in the possession of Brighthouse (and/or its predecessors) and the total *lack* of information available [to him], this is precisely the sort of case in which a Michigan court would impose an affirmative duty to disclose upon the annuity

5

company." (*Id*. at PageID.146) (citing *Brownell v. Garber* 199 Mich. App. 519, 527, 503 N.W.2d 81, 84-85 (1993)). Neither Defendant has filed a reply.

### 1. Traveler's Discrete Argument for Dismissal

As a threshold matter, Defendant Travelers' argument that the claims against it should be dismissed because it is not a proper party at interest is brought for the first time in its response/concurrence to Brighthouse's motion to dismiss. Motions filed within responses are disfavored. *United States v. Deuise*, No. 17-20583, 2017 WL 6594221, at *3 (E.D. Mich. December 26, 2017) (Hood, C.J.) ("Motions cannot be filed in responses"); *Darwich v. City of Dearborn (Dearborn Police Dept)*, No. 10-14073, 2011 WL 1790437, at *1, n.1 (E.D. Mich. May 10, 2011) (Cleland, J.) ("[C]ourt does not accept motions contained within response briefs"); *Moross Ltd. Partnership v. Fleckenstein Capital, Inc.*, No. 01-74307, 2005 WL 1678187, at *8 (E.D. Mich. July 19, 2005) (Cohn, J.) ("cross motion ... contained in ... response to defendants' motion for summary judgment ... does not comply with the Court's motion practice guidelines.") Therefore, Court should decline to consider Traveler's argument for dismissal.

### 2. The Statute of Limitations

Under Michigan law, the statute of limitations for a breach of contract claim is six years, which runs from the time "the wrong upon which the claim is based was done regardless of the time when damage results." M.C.L. §§ 600.5807(9),

600.5827. Plaintiff claims that Defendants did not provide him with annuity payments starting in October 2000, without more, would place his claims well beyond the six-year statute of limitations.

Plaintiff argues that the six-year statute of limitations was tolled by Defendants' fraudulent concealment. Michigan law applies in determining whether fraudulent concealment exists. *Davis v. Keyes*, 859 F. Supp. 290, 293 (E.D. Mich. 1994) (citing *Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649, 651 (6th Cir.1993)). "Under Michigan law, the statute of limitations will not be tolled absent some proof" of conduct constituting fraudulent concealment. *Id.* (citing *Lumber Village, Inc. v. Siegler,* 135 Mich. App. 685, 694, 355 N.W.2d 654, 658 (1984)); M.C.L. § 600.5855. "Ordinarily, silence alone does not constitute fraudulent concealment." *Id.* (citing *Lumber Village*, 135 Mich. App. at 694, 355 N.W. 2d at 658). "As a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation." *Lumber Village*, 135 Mich. App. at 694 (citing *Draws v. Levin,* 332 Mich. 447, 452, 52 N.W.2d 180 (1952)).

However, an exception to the rule is that "an affirmative duty to disclose" exists "where the parties are in a fiduciary relationship." *Id.* at 695 (citing *Barrett v. Breault,* 275 Mich. 482, 267 N.W. 544 (1936)). Whether a fiduciary relationship exists is a question of fact to be determined on a case-by-case basis. *Winterhalter*

7

*v. Watson Wyatt & Co.*, 87 F. App'x 513, 519 (6th Cir. 2004) (citing *Taylor v. Klahm,* 40 Mich.App. 255, 198 N.W.2d 715 (1972)). "Michigan law recognizes that fiduciary obligations may arise where trust and confidence are reposed in a party having superior knowledge." *Id.* (citing *Groening v. Opsata,* 323 Mich. 73, 82–83, 34 N.W.2d 560, 564 (1948))." "The existence of a fiduciary relationship gives rise to an affirmative duty to disclose material facts. *Id.* (citing *Davis*, 859 F. Supp. at 293. "[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another. Relief is granted when such position of influence has been acquired and abused, or when confidence has been reposed and betrayed. A person in a fiduciary relation to another is under a duty to act for the benefit of the other with regard to matters within the scope of the relation." *Atto v. Wandrie*, No. 358175, 2022 WL 15595971, at *5 (Mich. Ct. App. Oct. 27, 2022).

In sum, Plaintiff was not required to allege facts suggesting overt or deliberate concealment, but rather that Defendants had a duty to inform him that the annuity agreement had been assigned and/or of his entitlement to benefits – either under the terms of the agreement with Plaintiff's former employer or by way of a fiduciary relationship. Plaintiff's allegation that Travelers Insurance Company breached its duty to provide him notice of the assignments and that Defendants' "failure to either pay monthly benefits to [him] or to advise [him] in

8

a timely manner that the obligation to pay these benefits had been assigned to another entity constitutes a breach of the annuity contract" sufficiently alleges that Defendants had a contractual or fiduciary duty to keep Plaintiff informed as to the assignee(s) of the original agreement.

And if Plaintiff can show that through Defendants' failure to disclose, he was unable to discover that Brighthouse was the successor in interest of Travelers Insurance until 2022, his cause of action is not barred by the statute of limitations. "[W]here there has been fraudulent concealment of a cause of action, the limitations period as extended by the discovery rule is further extended to two years after the plaintiff discovers or should have discovered the cause of action. The fraud must have been manifested by an affirmative act, misrepresentation, or *breach of an affirmative duty to disclose information*." *Bernaiche v. Morgan*, No. 341228, 2019 WL 208035, at *5 (Mich. Ct. App. Jan. 15, 2019) (emphasis added) (citing *Brownell*, *supra,* 199 Mich. App. at 523-524, 503 N.W.2d at 83).

At a minimum, Plaintiff has made a plausible claim that the statute of limitation should be tolled. The amended Complaint states that his former employer paid for bargained-for benefits to Travelers Insurance Company, who in turn agreed to administer monthly benefits to him starting on his 65th birthday. (ECF No. 9, PageID.88-89, ¶¶ 5-6). He alleges further that he "never received any correspondence from either Defendant or any predecessor in interest of either

9

Defendant indicating that the underlying annuity contract had been transferred or otherwise assigned to any other entity" although one or both the Defendants had a duty to do so. (*Id*. at PageID.89, ¶ 12).

Defendants' motion to dismiss the claim as time-barred should thus be denied. Assuming the existence of a written Annuity Contract, the Court cannot determine whether a fiduciary relationship exists without reviewing the original agreement between Plaintiff's employer and Travelers Insurance Company. And even if Plaintiff could not establish a fiduciary relationship, it is possible that the Contract contains a requirement that the insurance company or its successors at interest were required to notify Plaintiff of his entitlement to benefits as of October 2000. In such case, a duty to disclose would be established – even in the absence of a fiduciary relationship. Because the "Court finds that [the plaintiff] *can* prove a set of facts that one of her DFR claims is timely," dismissal based on the statute of limitations is not warranted. *Hale v. United States*, No. 22-10300, 2022 WL 4482080, at *3 (E.D. Mich. Sept. 27, 2022), *report and recommendation adopted,* No. 22-10300, 2022 WL 7610197 (E.D. Mich. Oct. 13, 2022) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("[A] motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations" where the complaint does not "affirmatively show that the claim is

10

time-barred").

### 3. Unjust Enrichment

The motion to dismiss Plaintiff's unjust enrichment claim should also be denied. "An unjust enrichment claim cannot be maintained where there is an express contract that covers the same matter." *Heaton v. Bank of America Corp.,* 2011 WL 3112325, *5 (E.D. Mich. 2011) (Cohn, J.) (citing *Kammer Asphalt Paving v. East China Township Schools,* 443 Mich. 176, 504 N.W.2d 635 (1993). "[A]n action for unjust enrichment seeks to an imply a contract, which is not necessary or proper if an express contract covering the same matter exists." *Id.* To be sure, the parties appear to acknowledge that Plaintiff was the beneficiary of an express contract between Plaintiff's former employer and the original insurance company. But none of the parties has of yet provided a copy of the contract, much less shown if it resolves the question of whether Defendants had a duty to inform Plaintiff. "[W]here the existence of a contract had not yet been established or the contract was established and did not apply to certain goods," dismissal of an unjust enrichment claim is not warranted. *Rivera v. Ford Motor Co.*, No. 16-CV-13786, 2017 WL 3485815, at *7 (E.D. Mich. Aug. 15, 2017) (citing *Mobile Oil Corp. v. Dade Cty. Esoil Mgmt. Co.,* 982 F. Supp. 873, 880 (S.D. Fla. 1997) ("Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment . . . is premature."). Likewise here, at a minimum, until the

Annuity Contract is produced, dismissal of unjust enrichment claim is inappropriate.

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that Defendant Brighthouse Life Insurance Company's Amended Motion to Dismiss the Amended Complaint (ECF No. 15) be **DENIED**. Defendant Brighthouse's previous motion to dismiss the earlier complaint (ECF No. 6) should be **DENIED AS MOOT.**

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 5, 2023                                     s/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge